AO 91 (Rev. 11/11)  Criminal Complaint



# UNITED STATES DISTRICT COURT
### for the
Eastern District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br><br>Aaron Terod Johnson<br><br>_____<br>*Defendant(s)* | )<br>)<br>)  Case No.  24-mj-117<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of      March 14-15, 2024      in the parish of      Orleans      in the

    Eastern    District of     Louisiana    , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1591(a)(1) and (b)(2) | Sex Trafficking of a Child |
| 18 U.S.C. § 2423(a) | Transportation of a Minor with Intent to Engage in Prostitution or Criminal Sexual Activity |
| 18 U.S.C. § 2422(b) | Coercion or Enticement of a Minor to Engage in Prostitution or Criminal Sexual Activity |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

*/s/ Brittany M. Theriot*
_____
*Complainant's signature*

Brittany M. Theriot, HSI Special Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   August 14, 2024
_____
*Judge's signature*

City and state:       New Orleans, Louisiana

Honorable Eva J. Dossier, U.S. Magistrate Judge
_____
*Printed name and title*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 24-mj-117 |
| v. | * | SECTION: MAG |
| AARON TEROD JOHNSON | * | |

*   *   *

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Brittany Theriot, hereafter identified as your Affiant the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### BACKGROUND

I am a Special Agent with the Department of Homeland Security (DHS) - Homeland Security Investigations (HSI), assigned to the Office of the Special Agent-in-Charge, New Orleans, Louisiana. This complaint is based on the following facts gathered through my investigation.

### INTRODUCTION

1.    I have been a Special Agent with HSI since 2020 and am currently assigned to the Public Safety Group. I am also assigned as a member of the United States Marshal Services Missing and Exploited Children's Task Force.  I have completed the Criminal Investigator Training Program (CITP) and HSI Special Agent Training (HSISAT) program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia.  I have also been trained and am responsible for conducting criminal investigations of alleged violations of federal law, with a focus on human trafficking.

2.      As a criminal investigator for HSI, I have gained extensive training in the area of immigration law and human trafficking and child exploitation operations.  I have been involved in the interviewing and debriefing of numerous defendants, informants, and witnesses and other persons who have personal knowledge of human trafficking and/or who have personal knowledge of the amassing, spending, converting, transporting, distributing, laundering, and/or concealing of the proceeds of human trafficking.  I have testified in judicial proceedings and prosecutions for violations of laws concerning the trafficking of persons.  I have also investigated or participated in investigations including but not limited to, human trafficking/smuggling, narcotics trafficking, firearm offenses, and money laundering.  I routinely work with other law enforcement agencies on a cooperative basis.  Through these contacts, I have gained experience and knowledge in the investigation and prosecution of human traffickers and dismantling human trafficking organizations.

3.      I have personally participated in this human trafficking investigation, and I have obtained the facts set forth in this affidavit through my participation in the investigation. I have also relied on additional information provided by other law enforcement organizations, including but not limited to the Ouachita Parish Sheriff's Office (OPSO).  Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation.

4.      This affidavit sets forth facts and suggests reasonable inferences from those facts, establishing that there is probable cause to believe that between on or about March 14, 2024 and on or about March 15, 2024, in the Eastern District of Louisiana and elsewhere, **Aaron Terod JOHNSON ("JOHNSON")** committed the offenses of 18 U.S.C. §§ 1591(a)(1) and (b)(2) - Sex Trafficking of a Child; 18 U.S.C. § 2423(a) - Transportation of a Minor with the Intent to Engage

in Prostitution or Criminal Sexual Activity, *to wit,* Louisiana Revised Statute §§ 14:80, 14:81.3, 14:82; and 18 U.S.C. § 2422(b) - Coercion or Enticement of a Minor to Engage in Prostitution or Criminal Sexual Activity, *to wit,* Louisiana Revised Statute §§ 14:80, 14:81.3, 14:82.

## **PROBABLE CAUSE**

5.    In March of 2024, OPSO informed your affiant that OPSO had information that Minor Victim, a missing/endangered 16-year-old juvenile female, was potentially being sex trafficked in the New Orleans area.  Your affiant has reviewed Minor Victim's birth certificate records and verified that she was born in January of 2008.

6.    On March 28, 2024, your affiant, along with members of the United States Marshal Service Task Force, located and recovered Minor Victim at Witness 1's residence in Orleans Parish. Witness 1 stated that he/she was like family to Minor Victim.  Witness 1 informed law enforcement that Minor Victim had disclosed to Witness 1 that a "school teacher" had picked up Minor Victim from Vicksburg, MS, and brought Minor Victim to his apartment in New Orleans, Louisiana. Witness 1 provided your affiant with two videos which he/she said contained "the teacher" and "the teacher's" vehicle. Your affiant has viewed the videos. The first video is recorded from the back seat of a vehicle and depicts a black male driving the vehicle. Witness 1 stated that Minor Victim is in the backseat of the vehicle during the recording. The second video depicts the front of an unoccupied parked black Nissan Altima coupe. Witness 1 indicated that this was the vehicle that was utilized to transport Minor Victim from Vicksburg, MS to New Orleans, LA and it belonged to "the teacher." Your affiant recognized the apartment complex in the background of the video as ▮▮▮▮▮▮▮ apartment complex, which is located at ▮▮▮▮▮▮▮▮▮▮ New Orleans, LA.

7.     Your affiant and Deputy United States Marshals (DUSMs) recovered Minor Victim.  Minor Victim disclosed that she met "the teacher" on Facebook and he drove to Vicksburg, Mississippi in a black Nissan Altima to pick up Minor Victim for the purpose of having sex with Minor Victim in exchange for money.  Minor Victim stated that she had informed "the teacher" that she was "a runway."  In my training and experience, a runaway refers to a juvenile who has left the custody of his/her parent or guardian.  Minor Victim stated that "the teacher" drove her to his bottom floor apartment off of ████ in New Orleans, where he had sex with her. Minor Victim stated that "the teacher" paid her for the sex.

8.     On April 3, 2024, your affiant located a black Nissan Altima with license plate LA ████ registered to **Aaron Terod JOHNSON** (hereinafter "**JOHNSON's** vehicle") parked outside of ██████████████ in New Orleans (hereinafter "**JOHNSON's** residence.")  The address on the registration records for **JOHNSON's** vehicle was **JOHNSON's** residence.  The appearance of **JOHNSON's** vehicle was consistent with the appearance of the vehicle in the video that Witness 1 had supplied.

9.     Your affiant reviewed camera evidence of **JOHNSON's** vehicle that is consistent with travel from New Orleans, Louisiana to Vicksburg, Mississippi and back to New Orleans between March 14 and 15, 2024.  Specifically, **JOHNSON's** vehicle was captured on camera on March 14, 2024, at approximately 11:53 P.M., on I-55 North in the area of Hammond, Louisiana. On March 15, 2024, at approximately 12:19 A.M., **JOHNSON's** vehicle was captured on a second camera located on I-55 at the Louisiana and Mississippi state line. On March 15, 2024, at approximately 5:10 A.M., a third camera captured **JOHNSON's** vehicle parked at **JOHNSON's** residence.

10.     A criminal history query of **JOHNSON** revealed that he is an adult male born in 1988.  On May 2, 2024, your affiant located **JOHNSON's** vehicle at a high school in the New Orleans East area (hereinafter "the School.")   Your affiant obtained employment records for **JOHNSON** pursuant to a grand jury subpoena and verified that **JOHNSON** is a teacher.  In the emergency contact form in his employment file, **JOHNSON** provided **JOHNSON's** residence as his address and ▮▮▮▮▮▮ as his phone number (hereinafter "**JOHNSON's** phone.")

11.     Your affiant also reviewed Facebook Messenger messages between Minor Victim's Facebook account and an account subscribed to "Terod Johnson" between March 14-15, 2024. In these messages, between approximately 10:28 P.M. on March 14, 2024, and 1:30 A.M.  on March 15, 2024, **JOHNSON** communicated how far away he was from Minor Victim's location and what time he was going to arrive to pick her up.  **JOHNSON** told Minor Victim that he would pick her up "away from the hotel cause I know they prolly got cameras."  At approximately 1:24 A.M., **JOHNSON** sent a Facebook message to Minor Victim, "In Vicksburg." During these messages, Minor Victim asked **JOHNSON**, "what's your number."  **JOHNSON** responded with **JOHNSON's** phone. The Facebook messages continued until **JOHNSON** informed Minor Victim that he was "out front" and gave her directions to "come to your left when you come out."

12.     At approximately 11:52 A.M. on March 15, 2024, **JOHNSON** texted Minor Victim, using **JOHNSON's** phone, to ask if he could "pay somethin to fuck before yall dip."   In my training and experience, I believe that, in this message, **JOHNSON** was asking to have sex with Minor Victim exchange for money before Minor Victim leaves. At approximately 12:30 P.M., an Apple Cash account for **JOHNSON** (associated with his Social Security number and birth date) sent $200 to Minor Victim.

13.     At approximately 1:52 P.M. on March 15, 2024, **JOHNSON**, using **JOHNSON's** phone, texted Minor Victim to ask if he can get "one more nut" and said, "200 gotta be good for one more."  In my training and experience, I believe that **JOHNSON** was asking to have sex with Minor Victim a second time without paying more than the $200 he paid to have sex with her approximately an hour earlier.

14.     I am aware that Louisiana Revised Statute §14:80 criminalizes carnal knowledge of a juvenile; §14:81.3 criminalizes computer-aided solicitation of a minor to engage in sexual conduct, including through textual communication; and §14:82 criminalizes prostitution.

## CONCLUSION

15.     Based on the foregoing facts and circumstances, I respectfully submit that there is probable cause to believe that, from on or about March 14, 2024 to on or about March 15, 2024, within the Eastern District of Louisiana and elsewhere, **Aaron Terod JOHNSON** committed the offenses of 18 U.S.C. §§ 1591(a)(1) and (b)(2) - Sex Trafficking of a Child; 18 U.S.C. § 2423(a) - Transportation of a Minor with the Intent to Engage in Prostitution or Criminal Sexual Activity, *to wit,* Louisiana Revised Statute §§ 14:80, 14:81.3, 14:82; and 18 U.S.C. § 2422(b) - Coercion or Enticement of a Minor to Engage in Prostitution or Criminal Sexual Activity, *to wit,* Louisiana Revised Statute §§ 14:80, 14:81.3, 14:82; as it relates to Minor Victim.

Respectfully,

*s/Brittany M. Theriot*
Brittany M. Theriot
Special Agent
Department of Homeland Security
Homeland Security Investigations

6

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed to and sworn before me,
this  14th   day of _____August_____, 2024.
New Orleans, Louisiana.


_____
HONORABLE EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

7